IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY GODFREY, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 18 C 7918 |
| ) | |
| GREATBANC TRUST CO., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PENDING DISCOVERY MOTIONS**

The Court rules as follows on the parties' pending discovery motions:

1. <u>Plaintiffs' ESI protocol motion (dkt. no. 80)</u>. The Court denies this motion without prejudice, for two reasons: (a) plaintiffs' failure to comply sufficiently with the meet-and-confer requirement of Local Rule 37.2 prior to filing the motion; and (b) the fact that the motion is not tethered to any particular discovery request that plaintiffs contend is being ignored or short-shrifted. That said, there appears to be a dispute regarding date restrictions on defendants' ESI searches. The Court directs defendants to file, by the close of business on December 17, 2019, a status report describing and justifying any date restrictions on their ESI searches.

2. <u>Plaintiffs' motion to compel (dkt. no. 82)</u>. This motion concerns plaintiffs' document requests 5, 65, and 78. (a) The Court directs defendants to produce documents evidencing valuations and projections that predate the 2017 transaction but were not used. Defendants' attempt to limit discovery to materials that they say they used in arriving at the valuation challenged in this transaction basically amounts to an effort to dictate via the discovery process how the case will be resolved on the merits. With regard to materials postdating the 2017 transaction, the Court directs defendants to produce documents evidencing valuations, but not projections, that postdate the transaction. The Court is persuaded that the former are relevant (though perhaps not dispositive) but that the latter are not. (b) The Court denies as disproportionate plaintiffs' request to compel the production of text messages.

      3.    <u>Defendants' motion to compel (dkt. no. 85)</u>. (a) Defendants' contention that all communications regarding their separation with *any* McBride employee are relevant, as sought in defendants' document request 20, is unpersuasive. The Court limits production to communications with supervisory, management, and human resources personnel. (b) Defendants also request, per their interrogatory 4, information regarding whether each plaintiff retained "McBride-related documents or electronic data" following his or her separation. In an attempt to justify this, defendants say that they "have reason to believe that one or more of the Plaintiffs attempted to gain access to McBride-related documents months after his or her separation, and/or instructed another employee to destroy McBride-related documents." Dkt. no. 85 at 5. But they offer no explanation or support. The request as worded is insufficiently supported at this point. First, defendants' explanation, if taken at face value, would appear to justify only production of documents or electronic data *belonging to McBride*, not "McBride-related" materials, a term so broad that it would cover plainly irrelevant and immaterial records such as the plaintiffs' health insurance information, pay stubs, and so on. Second, the Court is unwilling to take defendants' unsupported and unexplained word for the proposition that one or more of the plaintiffs committed some form of inappropriate, unethical, or even illegal conduct as a basis for authorizing what arguably amounts to a fishing expedition. If defendants wish to pursue this request, they are going to have to provide written support for it, by December 17, 2019.

Date: December 13, 2019

                                                                               MATTHEW F. KENNELLY
                                                                               United States District Judge