**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **GREGORY GODFREY**, *et al.*, | ) Case No.: 1:18-CV-07918 |
| Plaintiffs, | ) Judge Matthew F. Kennelly |
| -v- | ) Magistrate Judge Michael T. Mason |
| **GREATBANC TRUST COMPANY**, *et al.*, | ) |
| Defendants. | ) |

**DEFENDANT GREATBANC TRUST COMPANY'S MEMORANDUM IN SUPPORT OF
PARTIAL MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT........................................................................................................................2

    A. Rule 12(b)(6) Standard ..............................................................................................2

    B. The Executive Compensation Claims (Counts VII and IX) Fail To State An ERISA Claim Against GreatBanc..........................................................................2

    C. All Claims Against GreatBanc Related to the 2014 Reorganization Should Be Dismissed ................................................................................................................5

        i. The Court should dismiss Counts I, III, and V because the Court held a fiduciary did not cause the 2014 Reorganization. .....................................5

        ii. Count III should alternatively be dismissed because Plaintiffs have failed to plead loss causation .......................................................................7

III. CONCLUSION...................................................................................................................8

I.  **INTRODUCTION**

Plaintiffs' original Complaint focused almost exclusively on a November 30, 2017 redemption transaction where McBride & Son Capital purchased all of its outstanding shares back from the ESOP (the "2017 Transaction"). (Doc. 1.) In their First Amended Complaint, Plaintiffs added claims challenging a business reorganization that closed on or about December 31, 2013 (what this Court has called the "2014 Reorganization"). (Doc. 36.) In its decision on the McBride Defendants' Motion to Dismiss, the Court all but eliminated the claims challenging the 2014 Reorganization, concluding that changing the nature of the ESOP's assets though a business reorganization was not a fiduciary action implicating ERISA. (Doc. 74.)

Plaintiffs filed a proposed Second Amended Complaint (the "Complaint"). (Doc. 105-1.)[1] Plaintiffs' newest complaint is more than twice the size of their last one—growing from 282 paragraphs and six causes of action to 607 paragraphs and 17 causes of action. Plaintiffs again challenge the 2017 Transaction, but spend most of the Complaint attempting to resuscitate (and significantly add to) their previous claims related to the 2014 Reorganization (Counts I-VI), in addition to adding six new claims challenging alleged compensation paid to McBride executives between 2013 and 2017 (Counts VII-X) (the "Executive Compensation Claims").

The allegations supporting the Executive Compensation and 2014 Reorganization claims, despite their length, fail to state a claim for relief on the face of the Complaint. The Executive Compensation Claims improperly use ERISA to challenge compensation decisions by corporate managers. Because ERISA does not govern these non-fiduciary acts, the Court should dismiss those claims against GreatBanc (Count VII and IX). The 2014 Reorganization claims likewise

---

[1] The Court granted Plaintiffs leave to file their proposed Second Amended Complaint (Doc. 105-1), subject to redaction of confidential information relating to the McBride Defendants, which GreatBanc understands Plaintiffs and the McBride Defendants are working towards completing.

improperly lean on ERISA to challenge what the Court previously determined was a corporate reorganization planned and caused by McBride's directors. For that reason—and because Plaintiffs do not plead any loss caused by the 2014 Reorganization (they actually plead that the stock value increased after it)—the Court should dismiss those claims against GreatBanc (Count I, III, and V).

## II. ARGUMENT

### A. Rule 12(b)(6) Standard

"To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations to state claims for relief that are facially plausible." Order on Motion to Dismiss, Doc. 74, p. 4 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Although detailed allegations are not necessary, plausibility requires a plaintiff allege factual content sufficient for a court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although a court must accept as true all well-pleaded factual allegations, this tenet "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### B. The Executive Compensation Claims (Counts VII and IX) Fail To State An ERISA Claim Against GreatBanc.

Setting compensation is a quintessential business decision of corporate management that does not involve plan management or administration of plan assets, and therefore falls outside the purview of fiduciary actions governed by ERISA. "Setting compensation levels is a business decision or judgment made in connection with the on-going operation of a business" that "does not involve the administration of an ERISA plan or the investment of an ERISA plan's assets." *Eckelkamp v. Beste*, 201 F. Supp. 2d 1012, 1023 (E.D. Mo.) (dismissing ERISA claims based on

allegedly excessive executive compensation), *aff'd*, 315 F.3d 863 (8th Cir. 2002). Said another way, "[a] board's discretion in determining salaries for company executives is a business judgment which does not involve the administration of an ESOP or the investment of an ESOP's assets." *Oren-Bousquet v. Lasalle Bank, N.A.*, 2008 WL 11410042, 2008 U.S. Dist. LEXIS 131238, at *4 (W.D. Tex. June 13, 2008) (denying amendment to add ERISA claims challenging executive compensation). Even though compensation, like other corporate expenditures, "may ultimately affect a plan indirectly . . . [b]usiness decisions can still be made for business reasons, notwithstanding their collateral effect on prospective, contingent employee benefits." *Eckelkamp*, 2012 F. Supp. 2d at 1023. After all, "ERISA is designed to accomplish many worthwhile objectives, but the regulation of purely corporate behavior is not one of them." *Akers v. Palmer,* 71 F.3d 226, 229 (6th Cir. 1995).[2]

The foregoing fits neatly within well-established Supreme Court precedent and precedent in this case. An ERISA fiduciary who also serves in a corporate capacity tasked with making business decisions "may have financial interests adverse to beneficiaries." *Pegram v. Hedrich*, 530 U.S. 211, 225 (2000). "Employers, for example, can be ERISA fiduciaries and still take actions to the disadvantage of employee beneficiaries, when they act as employers (*e.g.,* firing a beneficiary for reasons unrelated to the ERISA plan), or even as plan sponsors (*e.g.,* modifying the terms of a plan as allowed by ERISA to provide less generous benefits)." *Id.* In the same way, the Court recognized in this case that "[c]hanging the nature of a Plan's assets through business reorganization [] is a modification to an employee benefit plan and not a fiduciary action under

---

[2] *See also, e.g., Lepage v. Blue Cross & Blue Shield of Minn.*, No. 08-cv-584, 2008 U.S. Dist. LEXIS 49298, at *15-16 (D. Minn. June 25, 2008) (concluding that setting compensation levels is a business decision and rejecting argument that "Blue Cross, as plan administrator, has a duty to double-check this business decision"); *Steavens v. Elec. Data Sys. Corp.*, No. 07-cv-14536, 2008 U.S. Dist. LEXIS 61581, at *13-14 (E.D. Mich. Aug. 12, 2008) (noting that a fiduciary is not "required to oversee all business decisions" because "Congress did not enact ERISA to govern the propriety of any decisions made in the capacity as an employer").

3

ERISA." Order on Motion to Dismiss, Doc. 74, p. 9.

Here, in Counts VII and IX, Plaintiffs improperly seek to bring ERISA claims against GreatBanc for compensation decisions made by Eilermann and Arri solely in their corporate role as board members. These so-called "loss in value" claims challenge alleged "[e]xcessive compensation paid to Eilermann, Arri, Schindler, Berger, and Todt" from 2013 to 2017. (Complaint ¶ 152.) Plaintiffs allege this "excessive compensation" included "the issuance of synthetic equity, payment of incentive pay, the award of Class B and Class C Units, and distributions made to Class B and Class C Unit holders[.]" (*Id.* at ¶ 150; *see also* ¶¶152-178.) There are no allegations that these decisions involved plan management or administration of plan assets (they did not), nor that GreatBanc had any role in making these decisions.[3] Indeed, Plaintiffs acknowledge "Eilermann and Arri possessed complete control and discretion" over these compensation decisions in their capacities as "members of the 'board of managers' or 'managers committee' of MS Companies, LLC." (*Id.* at ¶¶ 160, 173.)

As explained above, ERISA does not govern such non-fiduciary business decisions made by corporate managers (using corporate assets) solely within their discretion and authority as board members. It therefore follows that third-party trustees like GreatBanc "cannot be held liable for breach of fiduciary duty to plaintiffs for failure to override an employer's business decision." *Armstrong v. Amsted Indus.*, No. 01-cv-2963, 2004 U.S. Dist. LEXIS 14776, at *40-41 (N.D. Ill. July 30, 2004) (citing *Kuper v. Iovenko*, 66 F.3d 1447, 1460 (6th Cir. 1995) and *Martin v. Feilen*, 965 F.2d 660, 666 (8th Cir. 1992)), *rev'd on other grounds*, 446 F.3d 728 (7th Cir. 2006). "[A] requirement that ESOP trustees conduct independent investigations into employers' business transactions that do not involve ESOP assets would be unduly burdensome." *Id.* S*ee also Bryant*

---

[3] The assets of an operating company like MS Companies, LLC that were used to pay executive compensation were not assets of the ESOP. *See* 29 C.F.R. § 2510.3-101(a)(2).

4

*v. International Fruit Product Co.*, 886 F.2d 132, 134-135 (6th Cir. 1989) (holding trustees did not breach fiduciary duty by acting to reverse company's business decision to amend plan). Accordingly, the Court should dismiss the ERISA claims against GreatBanc premised on executive compensation business decisions (Count VII and Count IX) for failure to state a claim.

Furthermore, even if the challenged compensation decisions were fiduciary actions subject to ERISA (and they are not), Plaintiffs' claims against GreatBanc would still fail because there are no factual allegations from which the Court can reasonably infer that the compensation paid was excessive. Plaintiffs simply list the various alleged amounts of compensation that Arri, Eilermann, and other executives received, and then declare in conclusory fashion that it was "excessive". (*See, e.g.*, Complaint at ¶¶ 152-178.) Despite extensive document discovery, Plaintiffs have not plead a single fact sufficient for "the court to draw the reasonable inference" that the McBride executives were paid more than they deserved, for example, in proportion to their responsibilities, ability, services, time devoted to the company, successes and contribution to corporate earnings, etc., nor that they received more than executives with similar skills and experience at similar companies. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Plaintiff offers only "naked assertions" and conclusory statements, which are insufficient to state a plausible claim for relief. *Id*. For this additional reason, Counts VII and IX should be dismissed.[4]

    **C.**    **All Claims Against GreatBanc Related to the 2014 Reorganization Should Be Dismissed.**

        **i.**    **The Court should dismiss Counts I, III, and V because the Court held a fiduciary did not cause the 2014 Reorganization.**

Count I against GreatBanc is a prohibited transaction claim arising from the 2014

---

[4] The documents produced in discovery show that an independent compensation consultant determined the McBride executives were *underpaid* compared to their market peers—an undisputed fact Plaintiffs attempt to skirt through wholly unsupported "labels and conclusions" of "excessive compensation." *Iqbal*, 556 U.S. at 678.

5

Reorganization. *See* ERISA § 406, 29 U.S.C. § 1106. To establish a claim under Section 406, a plaintiff must first demonstrate that an ERISA fiduciary caused one of the identified types of prohibited transactions. *See Lockheed Corp. v. Spink*, 517 U.S. 882, 888-89 n.3 (1996) ("the only transactions rendered impermissible by § 406(a) are transactions caused by *fiduciaries*" and "[u]nless a plaintiff can make that showing, there can be no violation of § 406(a)") (emphasis added); 29 U.S.C. § 1106(b) (prohibiting "a *fiduciary* with respect to a plan" from causing certain transactions) (emphasis added). The Plaintiffs have not plead sufficient facts to state a claim under this standard.

As the Court previously held, the 2014 Reorganization was implemented by the McBride Defendants in their corporate, not ERISA fiduciary, capacities. *See* Order on Motion to Dismiss, Doc. 74 at p. 7, 9, 15 (concluding that Ari and Eilermann were wearing "their corporate officer hats [] when planning and executing the 2014 reorganization" and that "[c]hanging the nature of a Plan's assets through business reorganization . . . is . . . not a fiduciary action under ERISA" nor are allegations that MS Management "executed the reorganization"). The Plaintiffs acknowledge as much in the Complaint, alleging Eilermann and Arri were "looking for alternative structures" for their business and that they "set in motion" the 2014 Reorganization and MS Management thereafter "executed" documents as part of it. (*See, e.g.*, Complaint ¶¶ 130-34.) Because the 2014 Reorganization was a business decision implemented by corporate officers not acting in an ERISA fiduciary role and outside the purview of ERISA, the Court should dismiss Count I against GreatBanc. Count III—which also seeks to hold GreatBanc liable for the 2014 Reorganization under ERISA § 404, 29 U.S.C. 1104—should be dismissed for this same reason.

Count V is also based on the 2014 Reorganization and seeks to hold GreatBanc liable for "breach of fiduciary responsibility of another fiduciary with respect to the same plan" under

ERISA § 405, 29 U.S.C. 1105. Based on this Court's holding that the McBride Defendants implemented the 2014 Reorganization, and not GreatBanc, and that they were not acting as ERISA fiduciaries in doing so (Doc. 74, p. 7, 9, 15), there can be no "co-fiduciary" liability under ERISA § 405. The Court should therefore dismiss Count V for failure to state a claim.[5]

### ii. Count III should alternatively be dismissed because Plaintiffs have failed to plead loss causation

The Seventh Circuit places the burden of pleading and proving causation upon the plaintiffs in ERISA breach of fiduciary duty actions. *See*, *e.g., Allen v. GreatBanc Tr. Co.*, 835 F.3d 670, 678 (7th Cir. 2016) ("In order to state a claim for breach of fiduciary duty under ERISA, the plaintiff must plead . . . that the breach resulted in harm to the plaintiff") (citations and quotations omitted). Moreover, "[t]o succeed in their suit, the plaintiffs must show more than that the defendants were fiduciaries. They must also present evidence that the fiduciaries breached a duty and that the breach caused them harm." *Howell v. Motorola, Inc.*, 633 F.3d 552, 565 (7th Cir. 2011).

Even if the 2014 Reorganization was a fiduciary (rather than business) act subject to ERISA, Count III against GreatBanc should still be dismissed because the Plaintiffs do not allege any facts that establish the 2014 Reorganization caused any harm to the ESOP. In fact, they plead just the opposite. Plaintiffs assert that the stock was valued at $121.80 and $142.80 per share in each of the respective two years before the 2014 Reorganization. (Complaint ¶¶ 108-9). After the 2014 Reorganization, Plaintiffs allege the stock value *increased* to $168 per share as of 12/31/14 and 12/31/15, respectively (*Id.* ¶¶ 110-11.) The only other alleged impact on ESOP value is

---

[5] Count IX likewise alleges "co-fiduciary" liability against GreatBanc under Section 405 for the payment of alleged excessive compensation between 2013 and 2017. As addressed above, setting compensation is not a fiduciary function under ERISA (and the McBride Defendants did so here acting as corporate managers), so there can be no claim for "co-fiduciary" liability under Section 405.

Plaintiffs' conclusory assertion that the "ESOP had a 'Loss of Value from 2013 to 2017' as a deliberate consequence" of the 2014 Reorganization through the "payment of excessive compensation." (*Id.* ¶¶ 149-50.) As discussed above, however, the executive compensation allegedly paid from 2013-2017 was not caused by the 2014 Reorganization or any fiduciary action by GreatBanc as trustee, but as stated in the Complaint, by a business decision made each year by Eilerman and Ari within their "complete control and discretion" as corporate managers. (*Id.* ¶¶ 160, 173.) In any event, there are no facts plead from which the Court could reasonably infer there was anything "excessive" about the executive compensation; only Plaintiffs impermissible "labels and conclusions." *Iqbal*, 556 U.S. at 678. For this alternative reason, the Court should dismiss Count III for failure to state a claim against GreatBanc.

### III.  CONCLUSION

For the foregoing reasons, and the reasons stated in the McBride Defendants' Motion to Dismiss and Memorandum in Support, the Court should dismiss Counts I, III, V, VII, and IX of the Second Amended Complaint.

Respectfully submitted,

*/s/ Michael L. Scheier*
Michael L. Scheier (Ohio 0055512)
Brian P. Muething (Ohio 0076315)
Jacob D. Rhode (Ohio 0089636)
KEATING MUETHING & KLEKAMP PLL
One E. 4th Street, Suite 1400
Cincinnati, OH  45202
Tel:  (513) 579-6400
Fax:  (513) 579-6457
mscheier@kmklaw.com
bmuething@kmklaw.com
jrhode@kmklaw.com

*Attorneys for Defendant GreatBanc Trust Company*

and

Ross D. Taylor (6198181)
KEATING MUETHING & KLEKAMP PLL
125 S. Clark St., 17th Floor
Chicago, IL 60603

*Local counsel for Defendant GreatBanc Trust Company*

## CERTIFICATE OF SERVICE

I certify that on February 3, 2020, I caused true and correct copies of the foregoing to be filed electronically using the Court's CM/ECF system and to thereby be served upon all registered participants identified in the Notice of Electronic Filing in this matter on this date. This document is available for viewing and downloading on the CM/ECF system.

*/s/ Michael L. Scheier*
Michael L. Scheier

9