UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GREGORY GODFREY, et al.,**  **Plaintiffs,**  v.  **GREATBANC TRUST COMPANY, et al.,**  **Defendants.** | Case No. 1:18-cv-07918  Judge Matthew F. Kennelly  Magistrate Judge Michael T. Mason |

**PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiffs, pursuant to Rule 65 of the Federal Rules of Civil Procedure, move the Court for entry of a Temporary Restraining Order and Preliminary Injunction enjoining the McBride Defendants from enforcing their subpoena against third-party Evans and Dixon, LLP ("Evans and Dixon"), pending entry by the Court of an order deciding Plaintiffs' pending Motion to Quash for Protective Order (Dkt. 136).

This motion is based on the following grounds:

1. Following the depositions of the Named Plaintiffs, Gregory Godfrey, Jeffrey Sheldon, and Debra Kopinski, the McBride Defendants issued as subpoena to Evans and Dixon, an employer of two of the Named Plaintiffs and a law firm from which those Named Plaintiffs sought legal advice concerning this matter. (Dkt. 136-1).

2. On April 29, 2020, Plaintiffs requested the Court issue an order quashing the subpoena of Evans & Dixon and granting Plaintiffs' request for a protective order prohibiting Defendants from issuing subpoenas to any additional, former, and/or current employers of any Plaintiffs or class members. (Dkt. 136).

3. On April 30, 2020, the Court entered a briefing schedule on the Motion (Dkt. 137) calling for Defendants to respond to the Motion to Quash by May 7, 2020 and for Plaintiffs to file a Reply by May 14, 2020.

4. On May 1, 2020, Defendants sent Evans and Dixon a threatening email suggesting Evans & Dixon had waived any objection to the Subpoena and was under an obligation to comply with the Subpoena by May 4, 2020, despite the pending Motion to Quash and for protective order. (Attached hereto as Exhibit A to Boyko Decl. ¶ 3).

5. There is a substantial likelihood that Plaintiffs will prevail on their Motion to Quash or for Protective Order, for the reasons stated in Plaintiffs' Motion (Dkt. 136). The documents sought are either: (a) privileged; (b) outside the scope of discoverable information; or (c) previously produced by Plaintiffs in this litigation. *Harper & Row Publishers, Inc. v. Decker,* 423 F.2d 487, 492 (7th Cir.1970), *aff'd,* 400 U.S. 348, 91 S.Ct. 479, 27 L.Ed.2d 433 (1971) ("[B]ecause maintenance of the attorney-client privilege up to its proper limits has substantial importance to the administration of justice, and because an appeal after disclosure of the privileged communication is an inadequate remedy," extraordinary remedies are appropriate to protect it).

6. Not only is the harm caused by producing privileged material irreparable, the failure to recognize it as such is reversable error. *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 175 (4th Cir. 2019), *as amended* (Oct. 31, 2019) (an adverse party's review of privileged materials seriously injures the privilege holder); see also, *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677 (1981) (emphasizing importance of attorney-client privilege); *United States v. Philip Morris Inc.*, 314 F.3d 612, 622 (D.C. Cir. 2003) (concluding that a party had demonstrated the likelihood of irreparable harm predicated on "the general injury caused by

the breach of the attorney-client privilege and the harm resulting from the disclosure of privileged documents to an adverse party"), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 103, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009); *In re Perrigo Co.*, 128 F.3d 430, 437 (6th Cir. 1997) (explaining that "forced disclosure of privileged material may bring about irreparable harm"); *Klitzman, Klitzman & Gallagher v. Krut*, 744 F.2d 955, 960-61 (3d Cir. 1984) (ruling that law firm had demonstrated likelihood of irreparable harm where government seized thousands of files containing privileged information).

7. In light of the postponements to the scheduling order brought about by the COVID-19 virus response and the Parties ongoing efforts to agree upon a revised scheduling order consistent with the Court's Third Amended General Order 20-0012 (Dkt. 135), Defendants face no prejudice from waiting to enforce the subpoena until the pending motion to quash and for protective order is ruled upon. Therefore, the balance of equities weighs in Plaintiffs' favor.

8. A preliminary injunction is in the public interest. "The attorney–client privilege is the oldest of the privileges for confidential communications known to the common law. Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co.*, 449 U.S. at 389, 101 S. Ct. 677, 682. "Confidential legal advising promotes the public interest." *Sandra T.E. v. South Berwyn School Dist. 100*, 600 F.3d 612, 621 (7th Cir. 2010).

9. A Temporary Restraining Order is necessary to preserve the status quo, to prevent the irreparable injury that would result from the production of privileged communications, and to prevent requiring a third-party to expend the time and resources necessary to re-do a review and production of documents already produced by Plaintiffs to Defendants. Plaintiffs would have no

adequate remedy at law, and this Court's ability to fashion effective relief would be significantly impaired, if Evans and Dixon produces the documents the McBride Defendants have subpoenaed while Plaintiffs' Motion to Quash the subpoena is pending.

10. Any harm to the McBride Defendants from enjoining enforcement of their Subpoena would be outweighed by the actual and potential harm from the production of privileged communications or the expending of Evans and Dixon's resources reviewing and producing duplicative or non-discoverable documents.

11. Given the pendency of Plaintiffs' Motion to Quash, and Defendants' inexplicable efforts to harass Plaintiffs' current employer into producing privileged communications between Plaintiffs and their prospective attorneys, Plaintiffs request that the Court issue a restraining order preventing Defendants from enforcing any subpoena against Evans & Dixon until the Court has ruled upon Plaintiffs' Motion to Quash and for a Protective Order.

12. Plaintiffs learned that Defendants intended to pursue the subpoena despite the pending Motion to Quash or for Protective Order at 11:06 am on May 1, 2020. Plaintiffs' Counsel Boyko called McBride Counsel Golumbic at 11:39 am on May 1 in an effort to meet and confer and resolve the matter without court intervention. Mr. Boyko left Mr. Golumbic a voicemail describing the nature of the dispute and leaving his cell phone number in order to facilitate a discussion between the parties. As of the filing of this Motion, that voicemail has not been returned. Boyko Decl. ¶ 4.

FOR THESE REASONS: Plaintiffs request that the Court issue a restraining order preventing Defendants from enforcing any subpoena against Evans & Dixon until the Court has ruled upon Plaintiffs' Motion to Quash and for a Protective Order.

Dated:  May 1, 2020 Respectfully submitted,

/s/ *Mark G. Boyko*
Mark G. Boyko (IL #6288036)
mboyko@baileyglasser.com
Bailey & Glasser LLP
8012 Bonhomme Avenue, Suite 300
Clayton, MO 63105
Telephone: (314) 863-5446
Facsimile: (314)-863-5483

Patrick O. Muench (IL #6290298)
pmuench@baileyglasser.com
Bailey & Glasser LLP
3930 N. Lowell Ave.
Chicago, IL 60641
Telephone: (847) 899-1646
Facsimile: (202) 463-2103

Ryan T. Jenny
rjenny@baileyglasser.com
Gregory Y. Porter (admitted *pro hac vice*)
gporter@baileyglasser.com
Bailey & Glasser LLP
1055 Thomas Jefferson Street, NW, Suite 540
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103

Thomas E. Clark Jr. (IL #6294921)
tclark@wagnerlawgroup.com
Jordan D. Mamorsky (*pro hac vice* to be filed)
jmamorsky@wagnerlawgroup.com
The Wagner Law Group, PC
190 South LaSalle Street, Suite 2100
Chicago, IL 60603
Telephone: (314) 236-0065
Facsimile: (314) 236-5743

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May 2020, a copy of the foregoing document was served on all counsel of record via ECF.

/s/ *Mark G. Boyko*
Mark G. Boyko