IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE GODFREY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 18 C 7918 |
| | ) | |
| GREATBANC TRUST CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER GRANTING MOTION FOR PROTECTIVE ORDER, PRECLUDING ENFORCEMENT OF SUBPOENA, AND IMPOSING LIMITATIONS ON THIRD-PARTY DISCOVERY

MATTHEW F. KENNELLY, District Judge:

The plaintiffs in this case moved on April 29 to quash a subpoena that the McBride defendants issued to Evans & Dixon (E&D), a law firm that is the current employer of both plaintiffs. The subpoena sought communications and documents involving the plaintiffs and McBride or the McBride ESOP transaction involved in this lawsuit. The next day, April 30, the Court entered an order stating that "Plaintiffs' motion to quash subpoena is taken by the Court as a motion to quash or a motion for protective order, whichever is the more appropriate form of motion," and it took the motion under advisement and ordered defendants to file a response by May 7.

The following day, May 1, plaintiffs moved for a temporary restraining order, citing two separate e-mails sent to E&D that same day by the McBride defendants' lead counsel, Lars Golumbic, stating that the defendants would "seek judicial enforcement" of the subpoena unless E&D complied by the next business day. This was a rather bald attempt to circumvent the Court's authority with respect to the motion for a protective

order. The Court entered an order at 6:22 a.m. the following day, May 2 (a Saturday)—as soon as it became aware of plaintiffs' motion—directing the defendants to immediately cease efforts to enforce the subpoena and to inform E&D that it need not comply until this Court had ruled, and ordering Golumbic to show cause why he should not be sanctioned. *See* Order of May 2, 2020 (dkt. no. 139). In response, Golumbic provided what amounted to a non-explanation for his pursuit of enforcement of the subpoena after the Court's April 30 order. The Court nonetheless decided to forego imposition of a sanction because Golumbic had promptly complied with the May 2 order. *See* Order of May 3, 2020 (dkt. no. 142).

The underlying dispute is now fully briefed. Defendants persist in saying, though not in so many words, that this Court should not be sticking its nose into the dispute, because it's really only between them, E&D, and the court in the district where E&D is located. This is preposterous. This Court unquestionably has authority, conferred by Rule 26(b)(1) and Rule 26(c)(1), to exercise control over the scope of discovery in this case. Rule 26(c)(1), in particular, says that "[a] party . . . may move for a protective order *in the court where the action is pending* – or *as an alternative* on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1) (emphasis added). And plaintiffs plainly are burdened by the subpoena. E&D is plaintiffs' current employer, and consequently it is a matter of common sense that any obligation imposed by to E&D has a significant potential for blowback against the plaintiffs. Thus the contention that they lack "standing" to assert an objection lacks merit.

On the merits of the dispute, defendants say that they are "entitled to take

2

discovery 'regarding any nonprivileged matter that is relevant to any party's claim or defense.'" Defs.' Resp. at 5 (quoting Fed. R. Civ. P. 26(b)(1)). That's true, but the materials they have sought from E&D do not meet that test. Defendants have made no attempt to explain how discussions by plaintiffs regarding a transaction in which there is no plausible contention that they played a role—the McBride ESOP—or their possession of documents about that transaction have any relevance to their claims that the defendants breached *their* fiduciary duties in planning and executing the transaction. Plaintiffs' motion directly challenged whether the materials sought are within the scope of discovery, *see* Pls.' Mot. at 1, 6-7, so defendants were on notice that they needed to explain this to the Court. But they have offered nothing other than unsupported conclusions; simply intoning the word "relevant" is not enough. The Court concludes that the material requested by the McBride defendants falls outside the appropriate scope of discovery under Rule 26(b)(1).

Finally, even if the above were not enough, plaintiffs have sufficiently shown that any communications they had with E&D are protected by the attorney-client privilege. In particular, they have cited deposition testimony that Godfrey consulted attorneys at E&D to get "feedback," and he said that in doing so, he viewed them as his legal counsel. *See* Godfrey Dep. at 41. And he and Sheldon consulted the attorneys together. *See* Sheldon Dep. at 77. Because there are other self-sufficient bases for prohibiting the discovery, however, plaintiffs need not create a privilege log—for to do so would require E&D to locate and produce to plaintiffs any responsive records for their review, which would defeat the purpose of the Court's order precluding defendants from pursuing this discovery.

3

## Conclusion

For the reasons stated above, the Court grants plaintiffs' motion to quash, which it has construed as a motion for protective order [136]; bars defendants from enforcing their subpoena against Evans and Dixon and directs them to advise Evans and Dixon that the subpoena may not be enforced; terminates as moot plaintiffs' motion for a temporary restraining order [138]; but, to prevent further similar issues and in light of the McBride defendants' initial attempt to circumvent this Court's order of April 30, 2020, bars all parties from initiating further third party discovery without first obtaining this Court's approval.

Date: May 18, 2020

                                                                         _____
                                                                             MATTHEW F. KENNELLY
                                                                             United States District Judge