**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **GREGORY GODFREY, et al.,** | Case No. 1:18-cv-07918 |
| **Plaintiffs,** | Judge Matthew F. Kennelly |
| v. | Magistrate Judge Michael T. Mason |
| **GREATBANC TRUST COMPANY, et al.,** | |
| **Defendants.** | |

**PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF
RESPONSIVE DOCUMENTS TO PLAINTIFFS' RULE 45 SUBPOENA
SERVED ON STOUT RISIUS ROSS AND JEFFREY M. RISIUS**

Pursuant to Federal Rules of Civil Procedure 26, 37(a), 45 and Local Civil Rule 37.2 of the U.S. District Court for the Northern District of Illinois, Plaintiffs move this Court for an Order requiring Defendants' valuation expert, Jeffrey M. Risius ("Mr. Risius"), to search for and produce documents responsive to Request No. 8 of their Rule 45 Subpoena served on Mr. Risius which seeks prior subpoenas, requests for documents, and/or other requests for information he and his firm Stout Risius Ross, LLC ("SRR") have received in connection with their performance of similar ESOP valuation work.

The Northern District of Illinois has repeatedly ruled that Rule 26(a)(2)(B) allows discovery into an expert's prior opinions to uncover inconsistencies between the opinions the expert intends to express in a case and the opinions the expert has made in other cases. *See*, *e.g.*, *Brown v. Overhead Door Corp.*, No. 06 C 50107, 2008 WL 1924885, at *1–2 (N.D. Ill. Apr. 29, 2008). The justification for this rule is to allow the opponent to look into the expert's prior opinions and "use them as a gauge against what he's done in this case." *Paramount Media Grp., Inc. v. Vill. of*

*Bellwood*, 308 F.R.D. 162, 166 (N.D. Ill. 2015) citing *Albers by Albers v. Church of the Nazarene*, 698 F.2d 852, 858 (7th Cir. 1983). Such discovery is particularly relevant here because the public record demonstrates that SRR and Mr. Risius regularly have served as valuation professionals and/or litigation experts in connection with ESOP transactions and in prior litigation have had relationships with Defendant GreatBanc and counsel for McBride Defendants, the Groom Law Group. The number and nature of past investigations into similar work performed by SRR and Mr. Risius are relevant to the reliability of Mr. Risius' testimony in this matter. *See Brown v. Overhead Door Corp.*, No. 06 C 50107, 2008 WL 1924885 (N.D. Ill. 2008) (Judge Mahoney ordering production of past expert opinions as discoverable into the consistency of opinions and methods).

Plaintiffs, as a matter of law, are entitled to broad discovery concerning Mr. Risius' prior valuation opinions, methodologies, and conclusions with respect to ESOP transactions. In this regard, *Phillips v. Raymond Corp.,* 213 F.R.D. 521, 524 (N.D. Ill. 2003) is instructive. In *Phillips*, Senior District Judge Shadur ruled on the proper scope of plaintiff's discovery requests into the prior expert opinions of defendant's expert witness, Edward Caulfield. Judge Shadur stated that plaintiff is "entitled not only to inquire as to how often Caulfield has testified for Raymond in the past, but also—if Phillips' counsel wishes—as to his comparative record in testifying for plaintiffs or for defendants as such. In like manner, full inquiry as to any prior consultation by Caulfield with Raymond that has not involved testimony is equally appropriate. And to that end, a full disclosure of all aspects of Caulfield's activities in any of those capacities must be made available to Phillips—and promptly." *Id.* at 524. Judge Shadur characterized the scope of discovery into Caufield's prior relevant expert opinions as *chapter and verse* of Caulfield's prior expressions of opinion about other forklifts and about other injuries sustained by their operators, so that the jury can carry out its proper role in determining whether the similarities or lack of similarities involved

2

in the occurrence at issue here and the forklift at issue here carry more persuasiveness." *Id.* (emphasis added)

  **I.**  **Plaintiffs' Rule 45 Subpoena Directed to Mr. Risius and Defendants' Objections**

On March 19, 2021, Defendants disclosed the proposed expert testimony of Mr. Risius. The scope of Mr. Risius' assignment is (1) to determine whether the consideration received by the McBride & Son Employee Stock Ownership Plan for all of its shares of McBride & Son Capital, Inc. ('MS Capital' or the 'Company') pursuant to the terms of the 2017 ESOP Transaction was less than the Fair Market Value of such shares and (2) to provide an opinion as to the reasonableness of the financial framework utilized by Stern Brothers Valuation Advisors ('Stern Brothers') to form its opinion as to the fairness of the 2013 Recapitalization from a financial point of view. Defendants retained Mr. Risius, therefore, to provide expert testimony concerning the valuation of the 2017 ESOP Transaction and the financial framework of the 2013 ESOP Transaction.

Plaintiffs served Mr. Risius and SRR with a Rule 45 subpoena on March 30, 2021 that sought discovery relevant to Mr. Risius' and SRR's prior valuation work performed for ESOPs. Request No. 8 of the subpoena is reproduced below (the "Request").

> **REQUEST FOR PRODUCTION NO. 8:** Every subpoena or request for information and documents served on You or Stout Risius Ross, LLC or Stout Risius Ross, Inc. (collectively "Stout") in the last 10 years related to You or Stout's valuation work on an Employee Stock Ownership Plan transaction. This request includes subpoenas issued by the Department of Labor and non-governmental parties or persons.

On April 13, 2021, Defendants served objections to Plaintiffs' Subpoena and specifically with respect to this Request objected to searching for and producing any documents on the grounds that the Request: (1) was overly broad and unduly burdensome in seeking information unrelated to the facts at issue in the litigation; (2) was unrelated to the expert opinions developed by Mr. Risius in

3

his March 19, 2021 report; (3) required Mr. Risius to collect and produce documents outside of Mr. Risius' possession, custody, or control; and (4) sought documents that are confidential and/or subject to a protective order. The parties met and conferred by telephone conference on April 15, 2021 on Defendants' objections, including to the Request, but could not narrow their dispute as to Defendants' refusal to produce responsive documents to this Request.

### II. Prior Valuation Work Mr. Risius or SRR Performed With Respect to Other ESOP Transactions Is Plainly Discoverable Pursuant to Fed. R. Civ. P. 26

Plaintiffs' Request is narrowly tailored to identify the scope of relevant valuation performed in the context of other ESOP transactions. The Request is modest in that it is limited only to discovery demands and/or subpoenas served upon Mr. Risius and SRR that have a nexus to his and his firm's ESOP valuation work.

Pursuant to Rule 26, parties to a litigation may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case and information need not be admissible in evidence to be discoverable. *Lukis v. Whitepages Inc*., No. 19 C 4871, 2021 WL 1600194, at *14 (N.D. Ill. Apr. 23, 2021) citing Rule 26(b)(1). Information may be relevant under Rule 26 even if it would not be admissible at trial under Evidence Rule 401—for purposes of Rule 26, "[a]dmissibility at trial is not the test." *Id.*

The scope of discovery expressly applies to discovery from a party's expert witness. *Brown*, WL 1924885, at *1; *see also, Behler v. Hanlon*, 199 F.R.D. 553, 561 (D. Md. 2001).

A party is entitled to receive expert discovery that demonstrates inconsistencies between the opinions the expert intends to express in a case and the opinions expressed in other cases pursuant to Rule 26(a)(2)(B). *Brown*, 2008 WL 1924885, at *1; *Paramount Media Grp., Inc. v. Vill. Of Bellwood*, No. 13 C 3994, 2015 WL 5307483, at *6 (N.D. Ill. Sept. 10, 2015) ("defendants are entitled to explore Paramount's experts' prior testimony to attempt to uncover inconsistencies

4

between the opinions they intend to express in this case and the opinions expressed in other cases"); *Expeditors Int'l of Washington, Inc. v. Vastera, Inc.*, No. 04-0321, 2004 WL 406999, at *2 (N.D. Ill. Feb. 26, 2004) (same).

SRR has been the financial advisor for trustees in numerous ESOP transactions that have resulted in litigation prosecuted by the Department of Labor and plan participants. A sample of those transactions includes:

- *Douglin v. GreatBanc Trust Co.*, 14-cv-620 (S.D.N.Y) – GreatBanc was trustee; settled in 2016;
- *Brundle v. Wilmington Trust, N.A.*, 15-cv-1494 (E.D. Va.) – $30 million judgment for plaintiff affirmed by the 4th Circuit;
- *Allen v. GreatBanc Trust Co.*, 15-cv-3053 (N.D. Ill.) - GreatBanc was trustee; settled in 2019;
- *Nistra v. Reliance Trust Co.*, 16-cv-4773 (N.D. Ill.) – settled in 2020;
- *Acosta v. Reliance Trust Co.*, 17-cv-4540 (D. Minn.) – litigation ongoing;
- *Guidry v. Wilmington Trust, N.A.*, 17-cv-250 (D. Del.) – settled in 2020;
- *Remy v. Lubbock*, 17-cv-460 (E.D.N.C.) – settled in 2020;
- *Acosta v. Wilmington Trust, N.A.*, 17-cv-6325 (S.D.N.Y.) – settled as part of global settlement; between the Department of Labor and Wilmington Trust involving over 20 investigations by the DOL;
- *Swain v. Wilmington Trust, N.A.*, 17-cv-71 (D. Del.) – settled in 2020;
- *Casey v. Reliance Trust Co.*, 18-cv-424 (E.D. Tex.) – settled in 2020;
- *Appvion Inc. Retirement Savings & ESOP v. Buth*, 18-cv-1861 (E.D. Wis.) – litigation ongoing;
- *Pizella v. Reliance Trust Co.*, 19-cv-3178 (D. Ariz.) – litigation ongoing; and
- *Fink v. Wilmington Trust, N.A.*, 19-cv-1193 (D. Del.) – litigation ongoing.

SRR's role in the "incestuous community" that is the "ESOP world" has not gone unnoticed. *See Brundle v. Wilmington Trust, N.A.*, 241 F. Supp. 3d 610, 643 (E.D. Va. 2017). The *Brundle* court criticized SRR for numerous reasons:

- SRR told the trustee that a third-party offer for the company supported SRR's valuation but failed to disclose that the financial projections underlying that offer were aggressive and failed to tell the trustee that the third party had actually dropped its offer price after due diligence (*id*. at 622 n.14);
- SRR relied on management's financial projections despite several "red flags indicating that these projections were inflated" (*id*. at 636);

5

- SRR included a 10% control premium even though the ESOP would not be obtaining control (*id*. at 638-39); and
- SRR rounded its valuation up, in favor of the selling shareholders and to the detriment of the ESOP (*id*. at 639-40).

Plaintiffs' Request is directly relevant given Risius' and SRR's involvement, as a defendant and/or third party in high profile ESOP litigation in which their ESOP valuation methodologies have been called into question and/or determined by the finder of fact to be biased, conflicted, and/or unrepresentative of the ESOP's fair market value.[1] Plaintiffs' Request is probative if whether Mr. Risius' testimony is reliable, credible, and consistent with his and his firm's prior work as ESOP valuation professionals. *Paramount Media Grp.*, 308 F.R.D. at 166 (noting specific credibility concerns associated with experts serving as "hired guns" justifying relevance of prior related professional work product) (collecting cases).

Finally, Defendants' undue burden objections lack merit. No doubt SRR and its legal counsel, internal and external, track and keep records of subpoenas in an orderly fashion. Further, Defendants' counsel of record in this matter, Attorney Golumbic, and/or his law firm the Groom Law Group, have served as counsel to SRR for years. A bare assertion of burden does not pass muster.

Further, confidentiality concerns do not bar the production of the requested materials. *See Expeditors Int'l,* 2004 WL 406999, at *4 (as a general rule…protective orders should not be used as shields to resist the production of relevant information even when the information is considered to be confidential") (collecting cases).

---

[1] For representative examples of those cases currently known to Plaintiffs, *see*, *e.g., Appvion Inc. Retirement Savings and Employee Stock Ownership Plan v. Buth, et al.* No. 18-01861 (E.D. Wisc. 2018) (SRR sued as Defendant in connection with ESOP valuation work); *In re Oldapco, Inc. et al*., 17-12082 (D. Del. 2017) & *Halperin v. Richards et al.,* Adv. Proc. No. 18-50955 (D. Del. 2019) (SRR sued as Defendant in connection with ESOP valuation work); *Brundle v. Wilmington Trust N.A.,* No. 15-1494 (E.D. Va. 2015) (Wilmington Trust breached its fiduciary duties in relying on SRR's ESOP valuations); *Wilmington Trust, N.A. v. Stout Risius Ross, Inc.,* 20-02505 (S.D.N.Y. 2020); *Cheesemore v. Alliance Holdings, Inc*., No. 09-413 (W.D. Wis. 2009); *Remy v. Lubbock National Bank*, No. 17-460 (W.D.N.C. 2017).

Accordingly, for the reasons stated herein, Plaintiffs respectfully request a Court Order compelling Mr. Risius and SRR to search for, and produce, documents responsive to Plaintiffs' Request.

Dated:  May 26, 2021				Respectfully submitted,

						By: /s/ *Mark G. Boyko*
						Mark G. Boyko (IL #6288036)
						mboyko@baileyglasser.com
						Bailey & Glasser LLP
						8012 Bonhomme Avenue, Suite 300
						Clayton, MO 63105
						Telephone: (314) 863-5446
						Facsimile: (314)-863-5483

						Patrick O. Muench (IL #6290298)
						pmuench@baileyglasser.com
						Bailey & Glasser LLP
						3930 N. Lowell Ave.
						Chicago, IL 60641
						Telephone: (847) 899-1646
						Facsimile: (202) 463-2103

						Ryan T. Jenny
						rjenny@baileyglasser.com
						Gregory Y. Porter (admitted *pro hac vice*)
						gporter@baileyglasser.com
						Bailey & Glasser LLP
						1055 Thomas Jefferson St., NW, Suite 540
						Washington, DC 20007
						Telephone: (202) 463-2101
						Facsimile: (202) 463-2103

						Thomas E. Clark Jr. (IL #6294921)
						tclark@wagnerlawgroup.com
						Jordan D. Mamorsky (*pro hac vice* to be filed)
						jmamorsky@wagnerlawgroup.com
						The Wagner Law Group, PC
						190 South LaSalle Street, Suite 2100
						Chicago, IL 60603
						Telephone: (314) 236-0065
						Facsimile: (314) 236-5743

						*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of May 2021, a copy of the foregoing document was served on all counsel of record by electronic mail.

/s/*Mark G. Boyko*
Mark G. Boyko