# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY GODFREY, et al., | |
| Plaintiffs, | Case Number 18-cv-07918 |
| v. | Judge Matthew F. Kennelly |
| GREATBANC TRUST COMPANY, et al., | Magistrate Judge Michael T. Mason |
| Defendants. | |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE UNDISCLOSED OPINION OF PLAINTIFFS' EXPERT DANIEL VAN VLEET

Plaintiffs do not dispute that Daniel Van Vleet's ("Van Vleet") new damages opinion was not contained in any of his reports, not formed until a week or less before his June 14, 2021 deposition, and not disclosed until Plaintiffs' counsel conducted a leading direct examination at the end of that deposition. For good reason. Van Vleet's sworn deposition testimony conceding these points is unequivocal. (Van Vleet Dep., Doc. 235-3, pp. 276-279.) Nor do Plaintiffs dispute that the calculations supposedly supporting Van Vleet's new opinion were not provided to Defendants until two days later, on June 16, 2021. (6.16.21 email, Doc. 235-4.) Plaintiffs also do not dispute that all of this occurred right before the June 18, 2021 expert discovery cutoff, nearly *three months* after the Court's March 19, 2021 initial expert disclosure deadline (when this opinion should have been offered), and over a month and a half after the Court's April 30, 2021 expert rebuttal deadline. Those dates were proposed by the parties in May 2020 (Joint Status Report, Doc. 149), and the Scheduling Order adopting them was formally entered in June 2020 (Doc. 152), which means Plaintiffs had at least nine months to meet the March 2021 initial expert disclosure deadline. They do not and cannot offer any rationale for such a blatant disregard of the Court's longstanding schedule and Defendants' right to fairly conduct expert discovery, and this is important because a "scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Smetzer v. Newton*, No. 1:10-cv-93, 2012 WL 1900118, at *4 (N.D. Ind. May 23, 2012) (citations and internal quotations omitted).[1]

Plaintiffs instead make three arguments for why Van Vleet's untimely new damages opinion and calculations (the "Undisclosed Damages Opinion") should not be stricken under Fed. R. Civ. P. 37(c)(1). (Opp., at 1.) As explained below, these arguments fail to show Plaintiffs'

---

[1] Plaintiffs also did not disclose this new opinion or any "computation" of damages in their Rule 26(a)(1)(A)(iii) disclosures (*see* Doc. 227-7, PageID# 5263), nor in response to Defendants' sixth interrogatory seeking identification of the damages sought, which Plaintiffs also did not supplement after serving in October 2019. (*See* 2.22.21 M. Boyko email and 10.4.19 Interrogatory Responses, attached collectively as **Ex. 1**.)

1

violation of the Court's longstanding scheduling order was substantially justified or harmless.

### A. Van Vleet's Undisclosed Damages Opinion Improperly Contradicts His Method 1 Damages Opinion and Plaintiffs' Theory of the Case

The Undisclosed Damages Opinion is not simply a new and untimely computation of damages with a change of "two variables" as Plaintiffs first argue—which would still be improper and excludable—it is a direct *contradiction* of Plaintiffs' theory of the case upon which Van Vleet's entire Method 1 damages opinion rests. Plaintiffs argue the harm from the 2013 Reorganization is that the ESOP lost governance control of the McBride organization, and thus Van Vleet's Method 1 damages opinion hinges upon Plaintiffs proving that theory. Van Vleet's sworn testimony is again unequivocal: "Yeah, my Method 1 analysis is based on the assumption that the ESOP lost control in the 2013 transaction." (Van Vleet Dep., pp. 102:22-103:3, 277-78.)

Faced with the mounting realization based upon the record developed during fact discovery that they cannot actually prove the ESOP lost governance control, Plaintiffs tried to gin up a new "heads I win, tails you lose" damages opinion on the fly at the very end of expert discovery, one where if they *fail* to prove their liability theory—loss of control—the damages calculation somehow *increases*. This is precisely the type of "alter[ed] [] theory of the case" and "180-degree turn from [] original disclosures" that Plaintiffs' own cited cases say is prohibited. *See, e.g.*, *Talbert v. City of Chicago*, 236 F.R.D. 415, 420 (N.D. Ill. 2006); *Est. of Gee v. Bloomington Hosp.*, No. 1:06-00094, 2012 WL 591459, at *4 (S.D. Ind. Feb. 20, 2012); *Black & Decker Corp. v. Positec USA Inc.*, No. 11-5426, 2015 WL 5612340, at *14 (N.D. Ill. Sept. 22, 2015).

Plaintiffs' assertion that the Undisclosed Damages Opinion "is grade school math" does not make it any less of an impermissible "180-degree turn" and "altered theory of the case." This claim also contradicts Van Vleet's sworn testimony and purported expertise. For starters, the damages number Plaintiffs claim in their Opposition that they reached using "grade school math"

2

(Opp. at 6) is over a million dollars *different* than the damages figure Van Vleet testified under oath that he calculated as a valuation expert, which was disclosed two days later to Defendants. (Van Vleet Dep., p. 277-78.) In the block quotation of Van Vleet's deposition answer on page 5 of their Opposition, Plaintiffs also deleted the portion of his answer where he described "other adjustments that would need to be made with respect to SARS securities" (*id.*), which is not reflected on Plaintiffs' "grade school math" chart and inconsistent with their allegation that one need "only . . . remov[e] the DLOC and DLOM" discounts. (Opp. at 6.) And regarding the DLOC and DLOM discounts, Van Vleet claims (and his damages report purports to show) that those figures were the subject of considered expert valuation analysis, calculations, and professional judgment—not merely line items to be added or removed on a whim like a grade-schooler performing arithmetic.

But if Van Fleet is truly doing nothing more than grade-school arithmetic, the Undisclosed Damages Opinion would hardly qualify as an "expert" opinion in the first place, and should alternatively be excluded on that basis. *See, e.g.*, Fed. R. Evid. 702; *Schiller & Schmidt, Inc. v. Nordisco Corp.*, 969 F.2d 410, 415 (7th Cir. 1992) (stating damages methodologies must "not insult the intelligence" and condemning practice of "enduing of simplistic extrapolation and childish arithmetic with the appearance of authority by hiring an [expert] to mouth damages theories that make a joke of the concept of expert knowledge.")

### B. The Undisclosed Damages Opinion is Not A "Permissible Supplementation"

Plaintiffs' second argument should also be rejected. The supplementation allowed by Rule 26(e) is for fixing "incomplete or incorrect" information—a far cry from the 180-degree turn Plaintiffs attempt with Van Vleet's Undisclosed Damages Opinion. Fed. R. Civ. P. 26(e). The cases Plaintiffs cite prove the point and "could scarcely be more dissimilar." *Talbert*, 236 F.R.D.

at 420. In *Talbert*, unlike here, defense counsel both *requested* and then *agreed* to the challenged supplemental report, which was produced prior to the expert's deposition. *Id.* at 415-418, 420. Contrary to Plaintiffs' conduct in this case, in *Talbert* there was also no "flagrant disobedience of deadlines that is the hallmark" of cases requiring exclusion, and defense counsel further "disavowed untimeliness as a basis for striking the supplemental report." *Id.* at 423. Moreover, in *Talbert,* there was also no altered theory of the case like here, only the unconvincing argument that an original report that was allegedly "too laconic" became "too informative" once supplemented as requested. *Id.* at 419.

The supplement in *Black & Decker*, again unlike here, involved only adding "completed and corrected" financial information entirely consistent with the timely disclosed opinions—a type of permissible supplement made by *both* sides' experts. 2015 WL 5612340, at *14. *See also Bone Care Int'l, LLC v. Pentech Pharms., Inc.*, No. 08-1083, 2010 WL 3894444, at *14-16 (N.D. Ill. Sept. 30, 2010) (allowing timely opinions challenged as improper rebuttal given they "repel[led]" plaintiffs' expert reports and were not "substantially different" from the initial report).

The cases Plaintiffs cite for the suggestion that an expert can offer new and contradictory opinions for the first time at the end of a deposition stand for no such thing. In *Noffsinger v. Valspar Corp.*, for example, the court noted that the challenged deposition testimony simply made "explicit what was implicit" in the defense expert's report; namely, that the plaintiff did not experience enough exposure to the industrial fumes at issue to cause his alleged syndrome. No. 09-916, 2013 WL 12340338, at *4-5 (N.D. Ill. Jan. 4, 2013). *See also Est. of Gee v. Bloomington Hosp.*, 2012 WL 591459, at *4 (challenged testimony was entirely "consistent with the conclusions drawn in his initial disclosures"). *GSI Grp., Inc. v. Sukup Mfg. Co.* likewise does not come close to condoning the type of changed-theory-ambush Plaintiffs attempt here. No. 05-3011, 2008 WL

4999126, at *1–2 (C.D. Ill. Nov. 20, 2008). In that case, there was no challenge to "the sufficiency or timeliness" of the reports, and in denying the motion to strike, the Court only made the unremarkable observation that Rule 26(e) appears to also allow supplements for "incomplete or incorrect" information during "an expert's deposition" as the language of Rule 26(e)(2) states, not changed, new liability and damages theories like the Undisclosed Expert Opinion. *Id.*

### C. Plaintiffs' Disregard of Rule 26 and the Court's Schedule Is Not Harmless

Plaintiffs ask this Court to "turn the Civil Rules' disclosure requirements on their head" by finding no harm because Defendants can prepare for and examine Van Vleet at trial. *NeuroGrafix v. Brainlab, Inc.*, No. 12-6075, 2021 WL 1057312, at *5 (N.D. Ill. Mar. 18, 2021) (Kennelly, J). This request that a months-late disclosure and clear dereliction of the Court's deadlines be "waved away" given there is time before trial—similar to the reliance on a requested continuance in *NeuroGrafix*—"is tantamount to saying that the required disclosures and discovery deadlines just don't matter, because deadlines and dates, including trial dates, can always be extended or moved." *Id.* at *6. The Civil Rules, and this Court's schedule, require that deadlines be met. Plaintiffs' disregard of those deadlines deprived Defendants of "a fair opportunity to obtain and marshal information, including expert reports, to attempt to counter plaintiffs' [new damages] computation or its component parts." *Id.* at 5.

\* \* \*

For the foregoing reasons, and the reasons stated in Defendants' opening motion (Doc. 235), the Court should strike Van Vleet's Undisclosed Damages Opinion.

5

Dated: July 2, 2021                    Respectfully submitted,


                                       */s/ Lars C. Golumbic*
                                       Lars C. Golumbic (admitted *pro hac vice*)
                                       Sarah M. Adams (admitted *pro hac vice*)
                                       Shaun A. Gates (admitted *pro hac vice*)
                                       Rachael Hancock (admitted *pro hac vice*)
                                       GROOM LAW GROUP, CHARTERED
                                       1701 Pennsylvania Ave., NW, Ste. 1200
                                       Washington, DC 20006
                                       Tel: (202) 861-6615; Fax: (202) 659-4503
                                       Email: lgolumbic@groom.com
                                           sadams@groom.com
                                           sgates@groom.com
                                           rhancock@groom.com

                                       Daniel Broderick, Jr.
                                       ARDC No. 6304632
                                       CASSIDAY SCHADE LLP
                                       222 West Adams Street, Suite 2900
                                       Chicago, IL 60606
                                       Tel: (312) 641-3100; Fax: (312) 444-1669
                                       Email: DBroderick@cassiday.com

                                       *Counsel for Defendants McBride & Son Capital, Inc., McBride & Son Management Company, LLC, John F. Eilermann, Jr., Michael D. Arri*


                                       */s/ Michael L. Scheier*
                                       Michael L. Scheier (Ohio 0055512)
                                       Brian P. Muething (Ohio 0076315)
                                       Jacob D. Rhode (Ohio 0089636)
                                       Keating Muething & Klekamp PLLC
                                       One E. 4th Street, Suite 1400
                                       Cincinnati, OH 45202
                                       Tel: (513) 579-6400
                                       Fax: (513) 579-6457
                                       mscheier@kmklaw.com
                                       bmuething@kmklaw.com
                                       jrhode@kmklaw.com

        Ross D. Taylor (6198181)
        Keating Muething & Klekamp PLLC
        125 S. Clark St., 17th Floor
        Chicago, IL 60603

        *Counsel for Defendant GreatBanc Trust Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2021, a copy of the foregoing document was served on all counsel of record via ECF.

        */s/ Michael L. Scheier*
        Michael L. Scheier