**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **GREGORY GODFREY, et al.,** | **Case No. 1:18-cv-07918** |
| **Plaintiffs,** | **Judge Matthew F. Kennelly** |
| **v.** | **Magistrate Judge Michael T. Mason** |
| **GREATBANC TRUST COMPANY, et al.,** | |
| **Defendants.** | |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PRELIMINARY**
**APPROVAL OF SETTLEMENT**

Plaintiffs provide this Supplemental Memorandum in support of preliminary approval of the Settlement as requested and ordered by the Court on May 17, 2022. Dkt. 309. Specifically, Plaintiffs provide additional information related to the sufficiency of the Settlement's distributions to the Class and the Plan.

**The Settlement's Benefits to the Class**

According to the Plan's records, 207 individuals held vested shares in the ESOP during the Class Period and, therefore, will receive their portion of the Net Settlement Amount without the need to complete a claim form or take any other affirmative act. Supplemental Declaration of Mark G. Boyko (Supp. Boyko Decl.) at ¶ 5. As an added benefit, many of these participants will receive their recovery directly as a contribution into their tax-deferred 401(k) accounts and all other Class members will have the option to direct their payment into another tax-qualified account. Further, the individual defendants and other executives who are excluded from recovery under the Settlement were themselves among the largest participants in the ESOP. Thus, the

plaintiff Class will receive proportionately larger recoveries since those individuals' shares are excluded from the calculation.

Plaintiffs' prior submission referenced that they intend to seek (1) $5,500,000 in attorneys' fees, (2) up to $979,000 in expenses, and (3) up to $75,000 ($25,000 each) in Service Awards to the three Class Representatives. Dkt. 308-1 at 43. The anticipated settlement administration costs are below $25,000. *Id*. This would result in an estimated Net Settlement Amount for distribution of no less than $9,921,000.

Based upon the initial analysis of the vested shares of McBride stock held by Class Members during the Class Period, the following is an estimate of how many Class Members will receive distributions in each payment range:

| **Distribution** | **Number of Class Members** |
|---|---|
| $1 - $100 | 19 Class Members |
| $100 - $1,000 | 30 Class Members |
| $1,000 - $10,000 | 55 Class Members |
| $10,000 - $50,000 | 50 Class Members |
| $50,000 - $100,000 | 24 Class Members |
| $100,000 - $250,000 | 21 Class Members |
| $250,000 or more | 8 Class Members |

Supp. Boyko Decl. at ¶ 6. [1]

---

[1] This average does not include an additional 58 individuals who meet the certified Class Definition in that they were technically participants in the Plan during part or all of the Class Period but will not receive a distribution because they did not hold vested shares in McBride during that period. This same result would have occurred had damages hypothetically been awarded after trial, because a necessary element of the harm alleged in the Second Amended Complaint was an actual investment in the McBride stock. Generally, these participants had

As described in the Plan of Allocation, the amount of money received by any Class Member is a function of the sum of the number of vested shares they held in McBride at the end of each year of the Class Period divided by the total number of vested shares held by all Class Members. The following table illustrates the current estimate of the number of vested shares held by all Class Members at the end of each year during the Class Period (for 2017, as of November 30 as described in the Plan of Allocation):

| **2013** | **2014** | **2015** | **2016** | **2017** | **Total** |
|---|---|---|---|---|---|
| 73,996.4563 | 71,899.9562 | 55,501.4415 | 55,680.7041 | 58,157.2599 | 315,235.8180 |

Supp. Boyko Decl. at ¶ 7.

Thus, by way of illustration, a hypothetical Class Member who held 200 shares of McBride stock for all five years during the Class Period would receive the following estimated proportional share of the Net Settlement Amount:

**1,000 shares (200+200+200+200+200) / 315,235.8180 total shares = 0.0032%**

**0.0032% * $9,921,000 = $31,471.68**

To put this in perspective, the same hypothetical Class Member would have received $37,400 for their 200 shares as part of the 2017 Transaction. Thus, the Settlement results in a significant additional payment.

**The Settlement is Fair as Compared to Other Settlements Approved in this District**

If the Court ultimately awards the estimated fees and expenses as outlined in the Motion for Preliminary Approval, the average Class Member's recovery will be approximately $47,927.53 ($9,921,000 estimate Net Settlement Amount / 207 Class Members who held vested

---

either fully divested their McBride shares prior to the start of the Class Period or left McBride before any of their shares vested.

shares as discussed above). In ERISA class actions specifically challenging ESOP transactions litigated by Class Counsel, this Settlement represents a fantastic outcome for the Class. By way of representative example, similar settlements typically result in far lower recoveries:

| ESOP Class Action | Court | Gross Settlement | Percent of Claimed Damages | ESOP Class Members | Average Recovery Net of Costs |
|---|---|---|---|---|---|
| *Allen v. GreatBanc Trust Co.*, 15-cv-3053 | N.D. Ill. | $ 2,250,000 | 5% | 2,209 | $ 521 |
| *Nistra v. Reliance Trust Co.*, 16-cv-4773 | N.D. Ill. | $ 13,363,636 | 13% | 1,245 | $ 8,036 |
| *Casey v. Reliance Trust Co.*, 18-cv-424 | E.D. Tex. | $ 6,250,000 | 12% | 1,179 | $ 3,017 |
| *Blackwell v. Bankers Trust Co. of S.D.*, 18-cv-141 | S.D. Miss. | $ 5,000,000 | 12% | 943 | $ 2,884 |
| ***Godfrey v. GreatBanc Trust Co.*, 18-cv-718** | **N.D. Ill.** | **$ 16,500,000** | **29%** | **207** | **$ 47,927** |

Supp. Boyko Decl. at ¶ 8.

### The Settlement is Fair Relative to the Damages Sought and the Risks of Trial

The total Settlement amount of $16,500,000.00 is also a good result for the Class relative to its possible recovery at trial. As courts in this Circuit have noted, "[a] settlement need not provide the class with the maximum possible damages to be reasonable." *Douglas v. W. Union Co.*, No. 14-1741, 2018 WL 4181484, at *6 (N.D. Ill. Aug. 31, 2018). Indeed, even recoveries representing a very small percentage of the defendant's maximum exposure may be found to be fair, adequate and reasonable. *See, e.g.*, *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 542 (S.D. Fla.1988) ("A settlement can be satisfying even if it amounts to a hundredth or even a thousandth of a single percent of the potential recovery."); *Newbridge Networks Sec. Litig.*, No. 94-1678, 1998 WL 765724, at *2 (D.D.C. Oct. 23, 1998) ("an agreement that secures roughly six to twelve percent of a potential recovery . . . seems to be within the targeted range of

4

reasonableness"); *In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706, 715 (E.D. Pa. 2001) (noting that since 1995, class action settlements have typically "recovered between 5.5% and 6.2% of the class members' estimated losses").

Here, the $16.5 million settlement amount represents 29% of the best possible outcome for Plaintiffs if they were successful on all their theories of liability and damages. Supp. Boyko Decl. at ¶ 9. That outcome would have required Plaintiffs to prevail on separate claims concerning the 2013 Recapitalization, all of the Compensation Decisions, and the 2017 Transaction, as well as overcoming Defendants' many affirmative defenses. A settlement of nearly one-third of the best possible damages is, as shown in the table on the prior page, unusually high in ERISA class actions generally and ESOP class actions in particular.

<u>**Conclusion**</u>

For these reasons, and those found in Plaintiffs' Motion for Preliminary Approval, Plaintiffs request that the Court grant the Motion for Preliminary Approval including all relief sought by that Motion.

Dated: May 23, 2022

Respectfully submitted,

By: /s/ *Mark G. Boyko*
Mark G. Boyko (IL #6288036)
mboyko@baileyglasser.com
Bailey & Glasser LLP
34 N. Gore Ave., Suite 102
Webster Groves, MO 63119
Telephone: (314) 863-5446
Facsimile: (314)-863-5483

Patrick O. Muench (IL #6290298)
pmuench@baileyglasser.com
Bailey & Glasser LLP
318 W. Adams St., Suite 1606
Chicago, IL 60606
Telephone: (312) 500-8680
Facsimile: (202) 463-2103

Ryan T. Jenny
rjenny@baileyglasser.com
Gregory Y. Porter (admitted *pro hac vice*)
gporter@baileyglasser.com
Bailey & Glasser LLP
1054 31st Street, NW, Suite 230
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103

Thomas E. Clark Jr. (IL #6294921)
tclark@wagnerlawgroup.com
Jordan D. Mamorsky (IL #6337130)
jmamorsky@wagnerlawgroup.com
The Wagner Law Group, PC
190 South LaSalle Street, Suite 2100
Chicago, IL 60603
Telephone: (314) 236-0065
Facsimile: (314) 236-5743

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on May 23, 2022, I caused a true and correct copy of the foregoing to be filed electronically using the Court's CM/ECF system and to be thereby served upon all registered participants identified in the Notice of Electronic Filing in this matter on this date.

*/s/ Mark G. Boyko*