UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GREGORY GODFREY, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**GREATBANC TRUST COMPANY, et al.,**<br><br>**Defendants.** | Case No. 1:18-cv-07918<br><br>Judge Matthew F. Kennelly |

**FINAL JUDGMENT AND ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, COSTS, AND CASE CONTRIBUTION AWARDS**

Plaintiffs (or "Class Representatives") have submitted a Motion for Final Approval of the Settlement set forth in the Class Action Settlement Agreement dated May 16, 2022 (the "Settlement Agreement"). Dkt. 317. Class Counsel has also submitted to the Court their Motion for Attorneys' Fees, Costs and Case Contribution Awards. Dkt. 319.

On May 24, 2022, this Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement. Dkt. 311. This Court also approved the procedure for giving Class Notice to the members of the Settlement Class and set a Final Approval Hearing to take place on October 4, 2022. Dkt. 313. The Court finds that due and adequate notice was given to the Class.

The Court has reviewed the papers filed in support of the Motion for Final Approval of the Settlement and the Motion for Attorneys' Fees, Costs, and Case Contribution Awards, including the Settlement Agreement and exhibits thereto, memoranda and arguments submitted on behalf of the Settlement Class, and supporting declarations.

On October 4, 2022, this Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the Class Members' Released Claims on the merits and with prejudice; and (3) whether and in what amount to award attorneys' fees and expenses to Class Counsel and any award to the Plaintiffs for their representation of the Settlement Class.

Based on the papers filed with the Court and the presentations made to the Court by the Parties and by other interested persons at the Final Approval Hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. **Definitions.** This Judgment incorporates by reference the definitions in the Settlement Agreement. All capitalized terms not defined herein shall have the same meanings as in the Settlement Agreement.

2. **Jurisdiction.** This Court has jurisdiction over the subject matter of the Lawsuit and over all parties to the Lawsuit, including all Class Members, and venue in this Court is proper.

3. **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

4. **Settlement Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby certifies this Lawsuit as a class action, with the Settlement Class defined as:

> All participants in the McBride & Son Employee Stock Ownership Plan, and the beneficiaries of such participants, at any time

        between December 31, 2013 and December 15, 2017. Excluded from the Settlement Class are (1) Defendants Eilermann and Arri, their immediate families, and their legal representatives, successors, and assigns, and (2) any owners of Class B and Class C Units of McBride & Son Companies, LLC ("MS Companies, LLC") during the class period including Jeffrey Berger, Jeffrey Schindler, and Jeffrey Todt.

5. **Designation of Class Representatives and Class Counsel.** The Court confirms the prior appointments of Plaintiffs Gregory Godfrey ("Godfrey"), Jeffery Sheldon ("Sheldon"), and Debra Ann Kopinski ("Kopinski") as Class Representatives, and attorneys at the law firms of Bailey & Glasser LLP and The Wagner Law Group, PC as Class Counsel.

6. **Settlement Approval.** Pursuant to Federal Rule of Civil Procedure 23(e), this Court hereby approves the Settlement and finds that it is, in all respects, fair, reasonable, and adequate to the Parties. The Court further finds that the Settlement is the result of good faith arm's length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the Settlement is hereby approved in all respects, there is no just reason for delay, and the Parties are hereby directed to perform its terms.

7. **Dismissal with Prejudice.** Final Judgment is hereby entered with respect to the Released Claims of all Class Members, and the Released Claims are hereby dismissed in their entirety with prejudice and without costs, and the case shall be closed pursuant to Paragraph 20 of this Order.

8. **Releases and Covenants Not to Sue.** The releases and covenants not to sue set forth in Sections 3 and 4 of the Settlement Agreement (Dkt. 308-1) are expressly incorporated herein in all respects and made effective by operation of this judgment.

3

        The Court hereby approves these provisions as contained and incorporated in Sections 3 and of the Settlement Agreement.

9. **Approval of Class Notice.** The form and means of disseminating the Class Notice as provided for in the orders granting preliminary approval of class action settlement and proposed notice of settlement constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort. Said Class Notice fully satisfied the requirements of Rule 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

10. **Attorneys' Fees and Expenses.** Plaintiffs and Class Counsel have moved for an award of attorneys' fees in the amount of $5,500,000 and costs and expenses of $954,069.47. The Court has considered this application separately from this Judgment. The Court finds that an award of $5,500,000 in attorneys' fees, and $954,069.47 in costs and expenses is fair and reasonable, and the Court approves of Class Counsels' attorneys' fees, costs and expenses in these amounts to be paid from the Settlement Amount.

11. **Case Contribution Awards.** The Court further finds that Case Contribution Awards for Class Representatives Godfrey, Sheldon, and Kopinski in the amount of $25,000 each is fair and reasonable, and the Court approves of the Case Contribution Awards in these amounts. The Court directs the Settlement Administrator to disburse $25,000 each to Godfrey, Sheldon, and Kopinski from the Settlement Amount as provided in the Settlement Agreement.

12. **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of any Party. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Lawsuit. In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Lawsuit, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Settlement Agreement.

13. **Continuing Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Final Judgment, and for any other necessary purpose, including to ensure compliance with the Protective Order.

14. **Termination of Settlement.** This Settlement Agreement may be terminated by any of the Parties if (i) the Court declines to approve the Settlement, or (ii) the Final Order entered by the Court is reversed or modified in any material respect by any Appeal Proceeding, provided that the terminating party, within fourteen (14) calendar days from the date of such event, furnishes written notice to Class Counsel or Defendants' counsel, as the case may be, of the termination of the Settlement,

specifying the terms modified or not approved that give rise to the right to terminate. If the Settlement Agreement is terminated, the following shall occur: (i) Class Counsel or Defendants' counsel shall promptly, after the date of termination of the Settlement Agreement, notify the Court and cause the return of any Settlement Amount to the Defendants, except for amounts disbursed or incurred pursuant to Section 8.1 of the Settlement Agreement; (ii) the Lawsuit shall for all purposes revert to its status as of the day immediately before April 18, 2022, and the Parties shall promptly request a scheduling conference with the Court; and (iii) the Settlement shall be deemed void and of no further force and effect.

15. **Implementation of the Agreement.** The Parties are hereby authorized to implement the terms of the Settlement Agreement.

16. **Reasonable Extensions.** If consistent with Section 11.8 of the Settlement Agreement, without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

17. **CAFA Notice.** Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

18. **Entry of Final Judgment.** There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

19. **Lawsuit Closed.** The Clerk of the Court is hereby directed to close the Lawsuit.

IT IS SO ORDERED this 4th day of October, 2022.

                                                                     _____
                                                                     Matthew F. Kennelly
                                                                     United States District Judge